# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| DARRELL E. MATLOCK by Next Friend MATTHEW K. HOLLERAN, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:06-CV-814-RWS<br>) |
| JIM MOORE, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion for certificate of appealability or, in the alternative, a reconsideration hearing [Doc. 8]. In support of said motion, petitioner states that the Court erred in denying his application for writ of habeas corpus, in that the Court applied the provisions of 28 U.S.C. § 2254 to petitioner's petition rather than 28 U.S.C. § 2241. Petitioner states that he complains of a Fifth Amendment violation rather than attacking a sentence issued by a state court.

### Discussion

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir.1987)). For the reasons set forth below, the Court finds no manifest errors of law or fact in its Order of June 13, 2006, and will deny petitioner's motion.

Petitioner moves for a certificate of appealability. The Court finds no good cause for granting a certificate of appealability and previously ordered that petitioner be denied a certificate of

appealability if he appealed the order of dismissal. *See* Doc. 5.

In the alternative, petitioner seeks a reconsideration hearing. Petitioner is correct in stating that when he filed his petition for writ of habeas corpus, he indicated that it was brought pursuant to 28 U.S.C. § 2241. However, because petitioner is "a person in custody pursuant to the judgment of a State court," he may obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001); *see also Felker v. Turpin,* 518 U.S. 651, 662, 116 S.Ct. 2333 (1996) ("[A]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Walker v. O'Brien,* 216 F.3d 626, 632-33 (7th Cir. 2000), *cert. denied,* 531 U.S. 1029, 121 S.Ct. 606 (2000) (Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") (emphasis in original). Thus, no matter how his pleading is styled, petitioner, who is a person in custody pursuant to the judgment of a state court, can obtain habeas relief only through § 2254. *Id*. at 723.

Further, the Court notes that 28 U.S.C. § 2241 requires habeas petitioners to exhaust administrative remedies before filing a habeas petition. *Pope v. Sigler*, 542 F.2d 460, 461-62 (8th Cir. 1976) (per curiam). Accordingly, even if relief pursuant to § 2241 were available to petitioner, he still must exhaust administrative remedies.

Technically, it may be argued that the Court should have warned petitioner that the Court's *sua sponte* reclassification of his action could deprive him of his opportunity for effective

collateral review because what he later intended to be his first § 2254 challenging the execution of his sentence could be dismissed as second or successive. *See Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002). However, where the first petition was dismissed without prejudice for failure to exhaust state remedies, a subsequent petition is neither second nor successive. *Reeves v. Little*, 120 F.3d 1136, 1139 (10th Cir.1997) (collecting cases). Therefore, petitioner has sustained no prejudice through the Court's construing this action as being brought pursuant to § 2254.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for certificate of appealability or, in the alternative, a reconsideration hearing [Doc. 8] be **DENIED**.

Dated this 30th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**